## IN THE COURT OF APPEALS OF IOWA

No. 15-0947
Filed May 25, 2016

B.V.S., Individually and by his Parents, JERRY VAN
STAALDUINE and CATHERINE VAN STAALDUINE,
    Plaintiffs-Appellants,

vs.

MARSHALLTOWN COMMUNITY SCHOOL DISTRICT,
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Marshall County, Steven J. Oeth, Judge.

A former student and his parents appeal the district court's ruling concluding the student's discipline by his school did not violate his free speech rights. **APPEAL DISMISSED.**

Barry S. Kaplan and C. Aron Vaughn of Kaplan & Frese, LLP, Marshalltown, for appellants.

Janice M. Thomas and Mitchell G. Nass, of Bradshaw, Fowler, Proctor & Fairgrave, P.C., and Sharon Soorholtz Greer, of Cartwright, Druker & Ryden, Marshalltown, for appellee.

Heard by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

In May 2014, when B.V.S. was finishing his junior year at Marshalltown High School (MHS), MHS administrators suspended B.V.S. from participating in three athletic events for violating Marshalltown Community School District's (MCSD) "Good Conduct Policy." After B.V.S.'s suspension was upheld following administrative appeals, B.V.S. and his parents filed suit against MCSD arguing the school had improperly disciplined B.V.S. for his speech in violation of the Iowa Constitution and the United States Constitution. At this time, B.V.S. had finished his junior year but had not yet served his suspension. B.V.S. and his parents requested the court "stay and enjoin" the school "from enforcing the suspension." Following a hearing, the district court denied the request for an injunction. Our supreme court denied their application for interlocutory appeal and request for a stay. B.V.S. and his parents later amended their petition seeking a ruling that the school had violated B.V.S.'s state constitutional rights and statutory rights under Iowa Code section 280.22 (2013) and requesting the court to instruct MCSD to remove information from its records regarding his alleged violation of the conduct code.

The matter proceeded to trial in March 2015, when B.V.S. was concluding his senior year at MHS. B.V.S. testified his grade point average was 3.54, he was a member of the National Honor Society, and he planned on attending the university of his choice in the fall of 2015. B.V.S. acknowledged he had already served his suspension, but he requested the court "clear [his] name" and require the school to destroy any record of the disciplinary action. MCSD administrators testified the records involved in B.V.S.'s disciplinary proceedings were not part of

his school file and were not something that had or would be disclosed to any colleges or universities. Ultimately, the district court entered its ruling finding the MCSD administrators did not violate B.V.S.'s constitutional right to free speech when it disciplined him, and the court denied the relief requested by B.V.S. and his parents. B.V.S. and his parents appeal the ruling.

"Courts exist to decide cases, not academic questions of law." *Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015). We "will generally decline to hear a case when, because of changed circumstances, the court's decision will no longer matter," i.e., that our opinion would not have any force and effect with regard to the underlying controversy. *Id.*; *see also Clarke Cty. Reservoir Comm'n v. Robins*, 862 N.W.2d 166, 173 (Iowa 2015) ("Mootness is not a question of power but rather one of restraint."). "It is our duty on our own motion to refrain from determining moot questions." *Homan*, 864 N.W.2d at 328 (citation omitted). Here, at the time of trial, B.V.S. had already served his suspension, and there is no evidence there is any permanent record maintained by MCSD that would disclose he was disciplined in 2014. There is no evidence the matter derailed or negatively impacted B.V.S.'s college plans. Thus, the underlying controversy no longer exists and is therefore moot. *See id.*

Nevertheless, an exception to the mootness rule exists, allowing courts to consider moot issues if the issues are "matters of public importance" that are "likely to recur." *Id.* at 330 (citation omitted). In determining whether we should review a moot but likely to persist issue of "public importance," we consider the following four factors: "(1) the private or public nature of the issue; (2) the desirability of an authoritative adjudication to guide public officials in their future

conduct; (3) the likelihood of the recurrence of the issue; and (4) the likelihood the issue will recur yet evade appellate review." *Id.* (citation omitted). Obviously, a school's restriction of a student's speech is an important issue. *See, e.g.*, *Morse v. Frederick*, 551 U.S. 393, 410 (2007) (holding that the First Amendment did not require a school's principal to tolerate at a school's event a student's banner bearing the phrase "BONG HiTS 4 JESUS" because it was reasonable for the principal "to conclude the banner promoted illegal drug use—in violation of established school policy"); *Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260, 276 (1988) (holding that a principal did not infringe students' First Amendment rights by censoring articles in a high school newspaper); *Bethel Sch. Dist. No. 403 v. Fraser*, 478 U.S. 675, 686 (1986) (holding that the First Amendment did not guarantee a student's right to deliver a sexually explicit speech at an assembly); *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 507, 513 (1969) (establishing that, "where students in the exercise of First Amendment rights collide with the rules of the school authorities," students' free speech rights "may not be suppressed unless school officials reasonably conclude that it will materially and substantially disrupt the work and discipline of the school"); *Bell v. Itawamba Cty. Sch. Bd.*, 799 F.3d 379, 383 (5th Cir. 2015) (holding student's First Amendment right to free speech was not violated when the school disciplined him after he posted his rap recording, which threatened two of his teachers, to his public Facebook profile page and later YouTube); *Lange v. Diercks*, No. 11-0191, 2011 WL 5515152, at *1-12 (Iowa Ct. App. Nov. 9, 2011) (interpreting Iowa's Student Free Expression Law codified at Iowa Code section 280.22 and finding school improperly reprimanded journalism teacher for

allowing students to publish what the administration viewed as inappropriate articles because the articles' "content at issue did not fit within the narrow categories of expression prohibited by section 280.22(2)"). However, we do not find there is a likelihood of the recurrence of the unique issues of this case, or, should the unlikely events again arise, that the issues would evade appellate review. Consequently, we decline to find that an exception exists to justify our hearing an otherwise moot case. *See Palo v. Iowa Bd. of Regents*, No. 14-1540, 2015 WL 4233055, at *3-4 (Iowa Ct. App. July 9, 2015). Accordingly, we dismiss the appeal.

**APPEAL DISMISSED.**